IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:11-cr-60146-AA<br>6:12-cr-00021-AA<br>6:17-cv-00004-AA<br>6:17-cv-00002-AA<br>**OPINION AND ORDER** |
| v. | |
| LORINDA MARIE GOODIN, | |
| Defendant. | |

AIKEN, District Judge:

The matter comes before the Court on defendant Lorinda Marie Goodin's Motions to Vacate or Correct Sentence pursuant to 28 U.S. § 2255, doc. 51 in Case No. 6:11-cr-60146 and doc. 38 in Case No. 6:12-cr-00021. Because the motions address the same issues, the Court addresses both in this order. For the reasons below, defendant's motions are DENIED. Because the motions and record conclusively show that Defendant is not entitled to relief, no evidentiary hearing is warranted.

/ / /

## BACKGROUND

On February 20, 2013, defendant plead guilty pursuant to plea agreement to four counts of armed bank robbery, as charged in indictment 6:11-cr-60146, and to one count of felon in possession of ammunition, a charged in indictment 6:12-cr-00021. The 275 months imprisonment was a recommendation based upon a global plea settlement both parties agreed to. Part of the agreement was that defendant's sentenced was to be enhanced under the Armed Career Criminal Act (ACCA), which mandates a minimum sentence of 180 months imprisonment for a felon who has "three previous convictions . . . for a violent felony or for a serious drug offense." 18 U.S.C. § 924(e)(1). Defendant had previously been convicted of eight violent felonies, including prior bank robberies. With the ACCA-enhancement, defendant agreed to a global settlement that included district attorneys in six Oregon counties agreeing to recommend a sentence not exceeding 18 years in prison and any in custody time at the state level would run concurrently with the federal sentence of 275 months. In accord with the global plea agreement, this Court sentenced defendant on June 23, 2013, to 275 months imprisonment to run concurrently with both cases.

Defendant did not take a direct appeal, but instead she filed a Motion to Vacate or Correct Sentence pursuant to 28 U.S. § 2255 (doc. 51).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack….

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.

Page 3 – OPINION AND ORDER

1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

**DISCUSSION**

Defendant challenges the validity of her conviction under 28 U.S.C. § 2255 on multiple grounds.[1] First, defendant argues she is not subject to an ACCA-enhanced sentence after the Supreme Court held the residual clause of the ACCA to be unconstitutional. Second, defendant argues she received ineffective assistance of counsel by being counseled to accept a plea agreement calculated with the ACCA enhancement. Lastly, defendant argues her sentence was incorrectly calculated because it accounted for an unlawful ACCA enhancement.[2] Whether defendant was subject to an ACCA-enhancement will dispose of her remaining claims and, therefore, will be addressed first.

I. *Defendant is Subject to an ACCA-Enhanced Sentence*

Defendant argues she is not subject to an ACCA sentence because classifying

---

[1] The Government challenges the timeliness of defendant's § 2255 motion, which was filed more than a year after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Yet in the interest of justice, the Court will consider the motion to be equitably tolled.

[2] In defendant's original motion, which was filed *pro se*, she also claimed her rights under the 14th Amendment were violated by being sentenced on multiplicious and duplicitous indictments. Defendant was indicted separately for four counts of armed bank robbery and one count of felon in possession of ammunition, which were filed in Docket Numbers 6:11-cr-60146 and 6:12-cr-00021, respectively. She entered into a global plea agreement on both indictments. Neither party in additional motions or supplemental memorandums address the issue of multiplicious and duplicitous indictments. Since each indictment addressed substantially different offenses, the Court finds no violation of double jeopardy.

Page 4 – OPINION AND ORDER

certain of her prior felonies as violent relied on the unconstitutional residual clause of the ACCA. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held the ACCA's residual clause void for vagueness and therefore unconstitutional. This decision was deemed to apply retroactively in *Welch v. United States*, 136 S. Ct. 1257 (2016). Nevertheless, the force clause of the ACCA was not ruled unconstitutional. The force clause defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . [that] has as an element the use, attempted use, or threatened use of physical force against the person of another." *Johnson*, 135 U.S. at 2555 (quoting § 924(e)(2)(B)(i)). Defendant claims her prior bank robbery convictions do not qualify as valid predicates for the ACCA enhancement on two main grounds – (1) the prior offenses were not "crimes of violence" under the force clause, and (2) she lacked the necessary mens rea for a threatened use of violent force.

Defendant's argues her prior federal bank robberies do not qualify as "crimes of violence" because bank robbery by force or intimidation does not require use or threatened use of violent force. A "crime of violence" is "an offense [that] must have as an element the use, attempted use, or threatened use of violent physical force – 'that is, force capable of causing physical pain or injury to another person.'" *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). The court in *Gutierrez* held that

> 'intimidation' as used in the federal bank robbery statute requires that a person take property 'in such a way that would put an ordinary, reasonable person in fear of bodily harm,' which necessarily entails the 'threatened use of physical force.' As a result, in our court, too, federal

Page 5 – OPINION AND ORDER

bank robbery constitutes a crime of violence.

*Id.* at 1257 (quoting *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)). Given recent Ninth Circuit precedent, defendant's prior bank robbery convictions do qualify as "crimes of violence" under the force clause. Thus, her sentence was rightfully subject to the ACCA enhancement as a result.

Defendant also argues her prior bank robbery by intimidation convictions did not have the required mens rea necessary to qualify as a threatened use of physical force. However, the Ninth Circuit reasoned in *United States v. Watson* "a defendant may be convicted of bank robbery only if the government proves that he at least 'possessed knowledge with respect to the . . . taking of property of another by force and violence or intimidation.'" 881 F.3d 782, 785 (2018) (quoting *Carter v. United States*, 530 U.S. 255, 268 (2000)). As a result, the court held that bank robbery does have the necessary mens rea because "the offense must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use, or threatened use of violent physical force." *Id.* Thus, defendant's prior bank robbery convictions did have the required mens rea of a threatened use of physical force. Therefore, the ACCA sentence enhancement was appropriate.

II.  *Other Claims*

Defendant's remaining claims – ineffective assistance of counsel and improper sentencing calculation – depended on the Court finding defendant not subject to an ACCA-enhanced sentence. Since the Court found defendant was subject to the enhanced sentence, the Court also finds defendant received effective assistance of

counsel and a sentence based on a lawful sentencing calculation. Even if failing to raise these issues was error by counsel it was harmless as no actual prejudice occurred.

In her original motion, defendant claims she received ineffective assistance counsel when her counsel advised her not to challenge her sentence following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Effectiveness of counsel is evaluated under a two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must demonstrate that his counsel's performance was deficient; and second, that the deficiency materially prejudiced his defense. *Id.* at 687. Since defendant's ACCA-enhancement was valid under the force clause of the ACCA, her sentence did not violate her 5th Amendment rights. Therefore, her counsel did not knowingly give defendant false information. Thus, her counsel was effective.

Additionally, defendant claims she was sentenced using an incorrect Federal Guideline range. She argues her sentence was unlawful as a result. Yet defendant's argument rested on her sentence being incorrectly calculated with an unlawful ACCA-enhancement. As stated above, defendant was not unlawfully subjected to an ACCA-enhancement. Therefore, her sentence was correctly calculated and remains lawful.

III. *Certificate of Appealability*

A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability

may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained that a certificate of appealability under § 2253(c) is warranted when a habeas prisoner makes "a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 483-84 (internal quotation marks and citation omitted). Here, the Court concludes that defendant has failed to make the required showing and so declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 (doc. 51 in Case No. 6:11-cr-60146 and doc. 38 in Case No. 6:12-cr-00021) is DENIED. No evidentiary hearing is necessary because the allegations in Defendant's motion, when viewed against the record, do not give rise to a claim for relief. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED

Dated this <u>9th</u> day of <u>  April  </u> 2020

<u>          /s/Ann Aiken          </u>
Ann Aiken
United States District Judge